THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUFINO SANTOS-ONTIVEROS,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER WAIVING ATTORNEY-CLIENT PRIVILEGE RELATING TO COMMUNICATIONS AT ISSUE IN § 2255 PETITION**<br><br>Case No. 2:23-cv-00483-CW<br><br>District Judge Clark Waddoups |

This matter is before the court on the United States' Motion for Order Waiving Attorney-Client Privilege (ECF No. 5). Mr. Santos-Ontiveros has filed a § 2255 petition, claiming that the two attorneys who represented him at different stages in his underlying criminal case rendered constitutionally ineffective assistance.

"When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009); *see also id.* at 978 (citing "ample, unanimous federal authority" applying the same principle). "Thus, it is black letter law that a petitioner waives the attorney-client privilege for communications with the defense attorney who allegedly provided ineffective assistance." *Joseph v. United States*, No. 2:19-CV-00140-JNP, 2019 WL 2060118, at *1 (D. Utah May 9, 2019) (citing *Pinson*, 584 F.3d at 977-78). Moreover, when a § 2255 movant raises claims that are "intertwined" with attorney-client communications, the

privilege is also waived for purposes of those proceedings. *Nikols v. United States*, Case No. 2:06-cv-889, 2007 WL 2084841, at *2 (D. Utah July 17, 207). And "[s]uch a waiver occurs when a defendant"—like Mr. Santos-Ontiveros—"in an attempt to withdraw a guilty plea, claims that counsel provided erroneous advice about the consequences of the guilty plea." *United States v. Ahmed*, No. 2:16-CR-00021, 2017 WL 6271262, at *3 (D. Utah Dec. 8, 2017). Mr. Santos-Ontiveros' Sixth Amendment claims either directly concern or are inextricably intertwined with his communications with his attorneys.

Accordingly, the United States' Motion for Order Waiving Attorney-Client Privilege (ECF No. 5) is GRANTED. The court finds that Mr. Santos-Ontiveros has waived the attorney-client privilege with respect to the communications at issue in Claims 1, 2, 3, and 5 of his § 2255 petition.

Dated this 20th day of October, 2023.

BY THE COURT:

Clark Waddoups
United State District Judge